IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAUL NEWTON, § | | |
|    Petitioner, § | | |
| § | | |
| V. § | A-10-CA-377 SS | |
| § | | |
| CLAUDE MAYE, WARDEN, § | | |
| FCI BASTROP, § | | |
|    Respondent § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Paul Newton's Petition for Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) and Petitioner's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 2). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

After reviewing Plaintiff's Application, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status and ORDERS his Petition be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). However upon further review of Newton's Petitioner the Magistrate finds that it should be dismissed for lack of jurisdiction, and thus it need not be served upon the Defendant.

According to his Petition, Paul Newton was convicted of the charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) in the Southern District of Indiana on March 1,

2004. He previously filed a motion pursuant to 28 U.S.C. § 2255 in the Southern District of Indiana. Newton is currently incarcerated in Bastrop, Texas, located within the Western District of Texas.

In his § 2241 Petition, Newton makes the following claims: (1) ineffective assistance of counsel in the Indiana District Court because his underlying felony offenses were not violent under Indiana law; (2) his sentence is improper because his underlying felonies were not violent and the Seventh Circuit Court of Appeals has improperly "bar[red] and sanction[ed]" Newton by finding that he is an "Armed Career Criminal;" (3) the Indiana District Court improperly disregarded the savings clause of § 2255 and thereby deprived him of Due Process;[1] and (4) his plea was constitutionally invalid and he was improperly sentenced because he did not meet the previous violent crime conviction requirements of 18 U.S.C. § 924(e). Newton also apparently requests that this Court submit a certified question of state law to the Indiana Supreme Court and ascertain whether Newton was in fact convicted of a crime of violence. *See* Petition at pp. 3-6.

Having reviewed the Petition, the undersigned concludes that Newton's claims, which allege errors occurring at or prior to sentencing, are not properly brought pursuant to 28 U.S.C. § 2241, but should be brought pursuant to 28 U.S.C. § 2255. A § 2241 petition on behalf of a sentenced prisoner must attack the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a § 2255 motion is the proper means of attacking errors that occurred "at or prior to sentencing." *Id*. A § 2255 motion must be filed in the court that sentenced the defendant, which in this case is the Southern District of Indiana. *Id.* The Fifth Circuit

---

[1] This claim appears to be an alleged error regarding Newton's § 2255 petition filed in Indiana District Court. This Court has no jurisdiction to address a previous habeas petition brought in another district. Any issue regarding the District Court's resolution of Newton's first habeas petition should have been addressed to the Seventh Circuit Court of Appeals.

has stated that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *Id.* (quoting *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979)).  Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Pack*, 218 F.3d at 452.

Section 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.*  The "savings clause" provision in 28 U.S.C. § 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).  "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001).

In *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001), the Fifth Circuit set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause.  First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 904.  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.*  The first prong "requires that a retroactively applicable Supreme Court decision establish that the petitioner is 'actually innocent.'" *Jeffers*, 253 F.3d at 830 (quoting *Reyes-Requena*, 243 F.3d at 903-04).  "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.  "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively

applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." *Jeffers*, 253 F.3d at 831 (holding that petitioner could not rely upon savings clause because retroactive Supreme Court decision had no effect on whether the facts in petitioner's case would support his conviction for a substantive offense).

Petitioner has not identified any Supreme Court decision that applies to his case. He admits he was convicted of the offense of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). He does not allege he was innocent of the Felon in Possession of a Firearm charge; rather, he asserts that he was improperly sentenced because his previous crimes were not violent. Because Petitioner cannot show that based on a retroactively applicable Supreme Court decision he is actually innocent, he has failed to demonstrate that his claims fall within the savings clause of § 2255.

If an individual who has filed a § 2241 petition fails to show § 2255 to be inadequate or ineffective, then the Court lacks jurisdiction to consider the § 2241 petition. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir.) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective), cert. denied, 540 U.S. 1085 (2003). Accordingly, the undersigned Magistrate Judge finds that this cause of action should be dismissed for lack of jurisdiction.

## RECOMMENDATION

The undersigned RECOMMENDS that the District Court DISMISS Petitioner Paul Newton's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1) for lack of jurisdiction.

**WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of July, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE